IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY FRANKLIN, *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TROY DESIGN & MANUFACTURING, ) <br> ) <br> Defendant. ) <br> -------------------------------------------------------- ) <br> ) <br> PEOPLESHARE, LLC AND PEOPLESHARE ) <br> BEST PRACTICES, LLC, ) <br> ) <br> Intervenors. ) | Case No. 23-cv-15610 <br><br> Judge Georgia N. Alexakis |

**ORDER GRANTING**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

The Court having held a final approval hearing on December 4, 2025, notice of the hearing and the Settlement having been duly given in accordance with this Court's order (1) preliminarily approving Settlement, (2) certifying the Settlement Class for purposes of settlement, (3) approving notice plan and (4) setting the final approval hearing, and having considered all matters submitted at the final approval hearing and otherwise, and finding no just reason for delay in entry of this final order

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement between Plaintiff and Intervenors PeopleShare, LLC and PeopleShare Best Practices, LLC filed August 7, 2025, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval

1

239609

Order dated August 14, 2025 (ECF 129) are also incorporated by reference into this Final Approval Order.

2. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and personal jurisdiction over Defendant TDM, Intervenors PeopleShare, LLC and PeopleShare Best Practices, LLC, and the Settlement Class Members, certified in the Court's preliminary approval order.

3. The Court has subject matter jurisdiction over this matter, and personal jurisdiction over Plaintiff, Defendant Troy Design & Manufacturing Co., Intervenors PeopleShare, LLC and PeopleShare Best Practices, LLC, and the Members of the Settlement Class certified for settlement purposes only in the Court's preliminary approval order.

4. The Court hereby finds the Agreement is the product of arm's length settlement negotiations.

5. The Court hereby finds Notice of the Settlement was disseminated to persons in the Settlement Class in accordance with the Court's preliminary approval order, was the best notice practicable under the circumstances, and that the Notice satisfied due process.

6. There were no objections to the Agreement.

7. The Court hereby finally approves the Agreement, finding it fair, reasonable and adequate as to all members of the Settlement Class.

8. The Court hereby finally certifies the Settlement Class. The Court finds the Settlement Class satisfies all the requirements of Fed. R. Civ. P. 23. The Settlement Class is defined as follows:

> All persons who used an iT100 Device while assigned to or working at TDM's Chicago Modification Center in Chicago, Illinois at any time from November 29, 2022 through April 5, 2023.

9. The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Settlement Administrator is hereby ordered to comply with the terms of the Agreement with respect to satisfaction of claims, and any remaining funds.

10. As of the Effective Date, Plaintiff and every Claimant hereby releases all Released Parties from the Released Claims, as stated in the Agreement.

11. This Final Approval Order will settle and resolve with finality on behalf of the Plaintiff and the Settlement Class, the Action and the Released Claims against the Released Parties by the Plaintiff and the other Claimants in the Action as set forth in the Agreement. The Court hereby approves the Release in the Settlement Agreement. As of the Effective Date, the Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits against the Released Parties for those Claimants who did not validly and timely exclude themselves from the Settlement.

12. However, the Release does not include, and neither the Release nor this Order affects, any claims against PeopleShare, LLC, PeopleShare Best Practices, LLC, or any of their past, present, and future, direct or indirect, current and former owners, parents, subsidiaries, divisions, and affiliates, or respective officers, directors, shareholders, members, board members, partners, agents, employees, attorneys, insurers, reinsurers, predecessors, successors and assigns. Likewise, the Release does not include, and neither the Release nor this Order affects, any claims asserted in the lawsuit styled *Gunn, et al. v. PeopleShare Best Practices, LLC* or the lawsuit styled *Reyes v. PeopleShare, LLC*, 2023 LA 69 (Kendall Cnty.). Any claims against the foregoing persons and entities that Plaintiff or the Settlement Class Members may have are preserved, and neither this Settlement nor the resolution of this Action shall give rise to any defense as to any such claims.

13. The Settlement Agreement is hereby finally approved in all respects. The Parties to the Settlement and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties to the Settlement and Claimants are bound by the terms and conditions of the Settlement Agreement.

14. Upon the Effective Date of the Settlement Agreement, and except as provided above, Plaintiff and each Claimant, and their respective heirs, assigns, executors, administrators, and agents, past or present, shall be deemed to have released, and by operation of this Final Approval Order shall have fully, finally and forever released and discharged each and every Released Party from any and all claims, liabilities, demands, causes of action, lawsuits and/or causes of action of every nature and description, whether known or unknown, filed or unfiled, asserted or as of yet unasserted, existing or contingent, whether legal, statutory, equitable, or of any other type or form, whether under federal, state, or local law, and whether brought in an individual, representative, or any other capacity, of every nature and description whatsoever, including, but not limited to, claims that were or could have been brought in the Action or any other actions filed (or to be filed) by Plaintiff and/or any Claimant against any of the Released Parties relating in any way to or connected with any alleged capture, collection, storage, possession, transmission, conversion, purchase, obtaining, sale, lease, profit from, disclosure, re-disclosure, dissemination, transmittal, conversion and/or other use of alleged biometric identifiers and/or biometric information during the relevant timeframe, to the date of preliminary approval of Settlement in the Lawsuit, including, but not limited to claims under the BIPA from the beginning of time to the date of preliminary approval of Settlement in the Action. This release includes, without limitation, statutory, constitutional, contractual, and/or common law claims for damages, unpaid costs, penalties, liquidated damages, statutory damages, punitive or exemplary damages,

interest, attorneys' fees, litigation costs, restitution, or equitable relief to the extent permitted by applicable law which may arise from the Released Claims. However, the Release excludes and does not affect any claims against PeopleShare, LLC, PeopleShare Best Practices, LLC, or any of their past, present, and future, direct or indirect, current and former owners, parents, subsidiaries, divisions, and affiliates, or respective officers, directors, shareholders, members, board members, partners, agents, employees, attorneys, insurers, reinsurers, predecessors, successors and assigns. Likewise, the Release excludes and does not affect any claims asserted in the lawsuit styled *Gunn, et al. v. PeopleShare Best Practices, LLC* or the lawsuit styled *Reyes v. PeopleShare, LLC*, 2023 LA 69 (Kendall Cnty.).

      15.    Class Counsel has moved, pursuant to Fed. R. Civ. P. 23(h), 52(a), and 54(d)(2) for an award of attorneys' fees and reimbursement of expenses. Pursuant to the same, this Court makes the following findings of fact and conclusions of law:

      (a)    The Settlement confers substantial benefits on the members of the Settlement Class;

      (b)    The value conferred on the Settlement Class is immediate and readily quantifiable, in that members of the Settlement Class will receive cash payments that represent a significant portion of the potential damages available to them were they to prevail in an individual action under the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA");

      (c)    Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

      (d)    The Settlement was obtained as a direct result of Class Counsel's advocacy;

(e) The Settlement was reached following substantial negotiations between Class Counsel and Intervenors' counsel, and was negotiated in good-faith and without collusion;

(f) BIPA expressly provides that a prevailing party may recover reasonable attorneys' fees and expenses (740 ILCS 14/20(a)(3));

(g) "[I]n order to encourage able counsel to undertake [cases under statutes that provide for recovery of attorneys' fees], as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1167 (7th Cir. 1997) (quoting *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995));

(h) The attorneys' fee and expense award sought is substantially less than the attorneys' fees and out-of-pocket expenses Class Counsel incurred to achieve the Settlement for the Settlement Class;

(i) Members of the Settlement Class were advised in the Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees and expenses in the amount of $200,000;

(j) A copy of Plaintiff's motion for an award of attorneys' fees and expenses and class representative service award was made available for inspection in the Court's file and on the settlement website during the period class members had to submit any objections;

(k) No member of the Settlement Class submitted any objection to the award of attorneys' fees and expenses;

6

(l) Based on the foregoing, Class Counsel are hereby awarded $200,000 for attorney fees and reimbursed expenses, which amount the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel in accordance with the terms of the Agreement; and

(m) Other than expressly provided above and in the Settlement Agreement, the parties to this case shall bear their own expenses and attorneys' fees.

16. The Class Representative, Plaintiff Timothy Franklin, is hereby compensated in the amount of $10,000 for his service to the Settlement Class. *See*, *e.g.*, *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (recognizing that "a named plaintiff is an essential ingredient of any class action" and finding factors for determining if service or incentive award appropriate include "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation."); *see also Hirmer v. ESO Sols., Inc.*, 22-cv-1018 (N.D. Ill. Jan. 14, 2025) at Dkt. 89 at ¶14 (BIPA case, approving $10,000 service payment to plaintiff); *Leung v. XPO Logistics, Inc.*, 326 F.R.D. 185, 205 (N.D. Ill. 2018) (awarding $10,000 service payment to plaintiff); *Briggs v. PNC Fin. Serv. Grp.*, 2016 U.S. Dist. LEXIS 165560, *5 (N.D. Ill. Nov. 29, 2016) (approving $12,500 service payment for each plaintiff).

17. If, after the expiration date of any second distribution as provided for in the Settlement Agreement, there remains money in the Settlement Fund, all money remaining will be distributed to the Chicago Bar Foundation as the *cy pres* beneficiary. *See Ira Holtzman, C.P.A. & Assocs. v. Turza*, 728 F.3d 682, 689 (7th Cir. 2013).

18. Subject to the terms and conditions of the Settlement Agreement, the Court hereby enters this Final Approval Order and dismisses this case on the merits and with prejudice, and permanently enjoins all Claimants from prosecuting any Released Claims against the Released Parties. Notwithstanding the foregoing, without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction solely to supervise the administration of the Settlement, enforce the Settlement Agreement, and resolve any disputes relating to the same.

**IT IS SO ORDERED,
ADJUDGED AND DECREED.**

Dated: 12/4/25

Honorable Georgia N. Alexakis
United States District Judge